[Cite as *In re K.M.*, 2011-Ohio-3276.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| | : | C.A. CASE NO. 2010-CA-35 |
| IN RE: | | |
| K.M. AND B.M. | : | T.C. CASE NOS. 2004-JH-149 |
| | | 2004-JH-150 |
| | : | |
| | | (Civil Appeal from |
| | : | Common Pleas Court, |
| | | Juvenile Division) |

. . . . . . . . .

O P I N I O N

Rendered on the 30th day of June, 2011.

. . . . . . . . .

Stacey Robert Pavlatos, Atty. Reg. No. 0012392, 700 East High Street, Springfield, OH 45505
    Attorney for Plaintiff-Appellant

Cathy J. Weithman, Atty. Reg. No. 0020889, 201 West Court Street, Urbana, OH 43078
    Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This is an appeal from a final order of the domestic relations - juvenile - probate division of the court of common pleas that granted a father's motion to modify a prior decree allocating the parental rights and responsibilities for care of his two minor children to their maternal grandmother, by

designating the grandmother the legal custodian of the two children, to now award those rights to the father instead.

{¶2} The two children were born on June 30, 2004, to Emily Propst and Joshua M. Moore. The parents never married. Emily Propst died on November 6, 2006. Thereafter, her mother, Karen Sue Propst, moved for custody of the two children. On October 10, 2007, with the agreement of Joshua Moore, the court designated Karen Sue Propst the legal custodian of the two children.

{¶3} On July 17, 2009, Joshua Moore moved for modification of the order of October 10, 2007, asking the court to designate him the residential parent and legal custodian of his two children. Following evidentiary hearings, the court granted Joshua Moore's motion on December 6, 2010. Concerning the modification provisions of R.C. 3109.04(E)(1)(a), the court found that a change had occurred in the circumstances of Joshua Moore, in that he was now more stable. The court also found that the best interest of the children would be served if Moore was their residential parent and legal custodian.

{¶4} Karen Sue Propst filed a notice of appeal from the order allocating parental rights and responsibilities for the children to Joshua Moore.

FIRST ASSIGNMENT OF ERROR

{¶5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT

AND AS A MATTER OF LAW WHEN, BEFORE MODIFYING THE OCTOBER 10, 2007 CUSTODY ORDER, IT FAILED TO FIND ANY CHANGE IN THE CIRCUMSTANCES OF EITHER THE TWINS OR THE APPELLANT."

{¶ 6} Joshua Moore and the mother of the two children, Emily Propst, were not married. Jurisdiction to determine custody of their children is therefore in the juvenile court. R.C. 2151.23(F)(1) provides that the juvenile court shall exercise that jurisdiction in accordance with R.C. 3109.04.

{¶ 7} The court in a domestic relations proceeding must allocate the parental rights and responsibilities for care of the minor children of the marriage. R.C. 3109.04(A). If shared parenting is not requested, the parental rights and responsibilities must be allocated primarily to one of the parents, who is designated the residential parent and legal custodian of the child or children. R.C. 3109.04(A)(1).

{¶ 8} R.C. 3109.04(E)(1)(a) prohibits modification of a prior decree allocating parental rights and responsibilities for the care of children unless the court finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, "that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest

of the child."

{¶ 9} The juvenile court found that the October 10, 2007 order designating Karen Sue Propst the legal custodian of the two children was a prior decree allocating parental rights and responsibilities for their care, and therefore that the relief Joshua Moore requested is subject to the requirements of R.C. 3109.04(E)(1)(a). The court granted that relief, modifying its prior decree, but without finding that a change had occurred in the circumstances of either the children or Karen Sue Propst. The court instead proceeded on a finding that a change had occurred in the circumstances of Joshua Moore.

{¶ 10} The juvenile court noted that "in custody disputes between parents and grandparents, the general rule in original custody awards is that parents, who are suitable persons, have a paramount right to the custody of their minor children. However, once an original custody award has been made the general rule is that such award will not be modified unless necessary to serve the best interests of the child. *Massito v. Massito* (1986), 27 Ohio St.3d 63 at 65."

{¶ 11} The general rule of parental suitability to which the court referred is set out in *In re Perales* (1977), 52 Ohio St.2d 89, at the Syllabus:

{¶ 12} "In an R.C. 2151.23(A)(2) child custody proceeding

between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability-that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." (Emphasis supplied.)

{¶ 13} The court appears to have reasoned that the October 10, 2007 order designating Karen Sue Propst the legal custodian of the two children could only have been made on a finding that Joshua Moore was an unsuitable parent and, therefore, because of a parent's paramount right, the focus of the court's current inquiry for purposes of R.C. 3109.04(E)(1)(a) should be whether circumstances have changed which now make Moore a suitable parent.

{¶ 14} R.C. 3109.04(E)(1)(a) requires a finding that a change has occurred, not in the circumstances of the nonresidential parent, but in the circumstances of the child or the residential parent and legal custodian. That requirement applies even if the noncustodial party is a parent and the custodial party is a nonparent. *Bragg v. Hatfield*, 152 Ohio App.3d 174, 2003-Ohio-1441. The trial court erred when it misapplied the change of circumstances requirement in R.C. 3109.04(E)(1)(a) as

the court did.

{¶ 15} The record on appeal, which commences with a complaint for custody that Joshua Moore filed on July 23, 2009, [Dkt. 1.], fails to demonstrate that Joshua Moore had previously been found unsuitable, an assumption the trial court made. Neither does the record show that Moore had contractually relinquished custody of the two children, which Karen Sue Propst argues on appeal. On remand, the court must determine whether either or both of those predicate events occurred, prior to applying R.C. 3109.04 (E)(1)(a) to the motion for custody that Joshua Moore filed. If neither predicate event occurred, R.C. 3109.04(E)(1)(a) does not apply to the motion for custody of his two children that Joshua Moore filed.

{¶ 16} The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 17} "THE FINDING BY THE TRIAL COURT THAT JOSHUA M. MOORE'S STABILITY WAS A CHANGE IN CIRCUMSTANCES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 18} This assignment of error is rendered moot by our decision sustaining the first assignment of error, and we therefore decline to decide the error assigned. App.R. 12(A)(1)(c).

{¶ 19} The judgment of the trial court will be reversed and the cause is remanded for further proceedings consistent with this

opinion.


FAIN, J. and FROELICH, J. concur.


Copies mailed to:

Stacey Robert Pavlatos, Esq.
Cathy J. Weithman, Esq.
Hon. Brett A. Gilbert